IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 SEP 23 AM 8:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 23 1997

IN RE: )
JIMMY R. TURNER, ) BANKRUPTCY NUMBER
 ) 94-02405-BGC-7
    Debtor. )

JIMMY R. TURNER, )
 )
    Appellee, )
 )
vs. ) CIVIL ACTION NUMBER
 )
UNITED STATES OF AMERICA, ) 96-C-1463-S
INTERNAL REVENUE SERVICE, )
 )
    Appellants. )

**MEMORANDUM OPINION**

The Internal Revenue Service ("IRS") appeals the order of the Bankruptcy Court for the Northern District of Alabama ("Bankruptcy Court") discharging the tax liability of appellee Jimmy R. Turner. For the reasons outlined in the Bankruptcy Court's April 2, 1996, Memorandum of Opinion on Reconsideration of Order Determining Dischargeability of Tax Debt and Memorandum of Opinion on Equitable Issues of Dischargeability of Tax Debt, B.R. (N.D.Al. 1994), the Bankruptcy Court shall be affirmed.

I. Facts

The relevant facts were summarized by the Bankruptcy Court.

6

Appellee Debtor Jimmy Randall Turner ("Turner") owed income taxes, as well as related income and interest, for the years 1986-89. Tax returns for these years became due on April 15, 1987 and each respective year thereafter through 1990. The returns were timely filed.

On January 5, 1988, Turner filed a case under Chapter 7 of the Bankruptcy Code. The case remained open for 92 days and was closed on April 5, 1988. On March 28, 1990, Turner filed a petition under Chapter 13 of the Bankruptcy Code. Nearly three years later, on November 16, 1992, this case was dismissed. Four days after the dismissal of the second case, Turner filed another Chapter 13 case. This third case was not dismissed until May 19, 1993. The petition giving rise to the appeal in this case was filed on April 25, 1994.

The amounts and dates of the assessed taxes is as follows:

| Tax Year | Date of Assessment | Amount of Assessment |
|---|---|---|
| 1986 | June 1, 1987 | $2,566 |
| 1987 | May 16, 1988 | 2,883 |
| 1988 | June 5, 1989 | 3,710 |
| 1989 | May 28, 1990 | 4,266 |

The total amount assessed for the years in question was $13,425.

Turner did not pay the taxes as they became due simply because he lacked the money to do so.

Assessed penalties for late payments and accrued interest are as follows:

| Tax Year | Late Payment Penalty | Accrued Interest |
|---|---|---|
| 1986 | $ 536.41 | $1,129.61 |
| 1987 | 659.72 | 1,471.84 |
| 1988 | 960.57 | 2,259.32 |
| 1989 | 748.05 | 1,940.47 |
| TOTAL | $2,904.85 | $6,804.24 |

Thus, taxes, penalties, and interest in the approximate amount of $23,134.09 prior to the filing of the bankruptcy petition in this case. Between April 15, 1987, and April 25, 1994, Turner paid the IRS roughly $7,959.58. The balance due to the IRS is $15,483.12. The major portion of the debt represents the accrued interest and penalties.

## II.  Standard of Review

District courts sit as appellate courts in reviewing decisions of the bankruptcy court. 28 U.S.C. § 158. As such, factual findings of the bankruptcy court will not be set aside unless clearly erroneous, while conclusions of law are reviewed *de novo*. In re Calvert, 907 F.2d 1069, 1071 (11th Cir. 1990).

## III.

There is no contention that the Bankruptcy Court's factual findings are clearly erroneous.

3

This Court is in complete agreement with the Bankruptcy Court's analysis of the controlling law. On *de novo* review of the law, this Court adopts the Memorandum Opinion of the Bankruptcy Court as its own in the interests of judicial economy and for the good reason that the said opinion "covers the waterfront."

By separate order, the decision of the Bankruptcy Court will be affirmed.

DONE this 16th day of September, 1997.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON